IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:25-CV-293-MR-WCM

| | | |
|---|---|---|
| ROD SALINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW LAWLER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the Court on December 1, 2025 for a status conference and a hearing on Defendant's Motion to Dismiss Complaint (the "Motion to Dismiss," Doc. 29). As described below, however, those proceedings did not occur and the Court issued oral rulings, which are memorialized by this order.

Defendant filed the Motion to Dismiss on September 24, 2025. Plaintiff responded on October 29, 2025, and Defendant filed a reply on October 31, 2025. Docs. 35, 36.

On November 3, 2025, a notice was issued by the Clerk setting a hearing on the Motion to Dismiss, as well as a status conference, on December 1, 2025 beginning at 1:00pm.

On November 18, 2025, Plaintiff, who is proceeding *pro se*, filed a Motion for Leave for Appearance by Electronic Means, by which Plaintiff requested

1

leave to appear remotely during the December 1, 2025 proceedings. Doc. 37. That request was denied on November 19, 2025. Doc. 38.

On the morning of December 1, 2025, Plaintiff contacted the Clerk's office and advised that he would not be able to attend the hearing and status conference.

The case was called at 1:00pm. William S. Durr and Kirstie A. Brenson appeared for Defendant. Plaintiff did not appear.

Mr. Durr advised that he had received a phone call from Plaintiff who reported that he was in Alaska, was "snowed in," and could not fly to Asheville.[1] Mr. Durr also advised that Ms. Brenson, who had traveled from Chicago, was already in town at the time Plaintiff contacted defense counsel and that Defendant was ready to proceed with the hearing.

Recognizing Plaintiff's *pro se* status and that the Motion to Dismiss is a dispositive motion as to his claims, the undersigned chose not to proceed to hear substantive arguments on the Motion to Dismiss in Plaintiff's absence.

Defendant requested that no further continuances of any rescheduled hearing be allowed and reserved his right to request an award of costs associated with defense counsel's travel to attend the December 1, 2025

---

[1] Mr. Durr further stated that information he obtained from the internet regarding the recent weather conditions in the area where Plaintiff is allegedly located was different from what Plaintiff reported.

hearing and status conference.

The Court finds Defendant's request to be appropriate and concludes that a specific briefing and hearing schedule should be established.

**IT IS THEREFORE ORDERED THAT:**

1. Any motion by Defendant seeking an award of costs or other appropriate relief in relation to Plaintiff's nonappearance at the proceedings on December 1, 2025 shall be filed on or before **December 8, 2025**. Any response by Plaintiff to such a motion shall be filed on or before **December 22, 2025**, and any reply by Defendant shall be filed on or before **December 30, 2025**.

2. In the exercise of discretion, the Court will **RESET** the status conference and the hearing on the Motion to Dismiss to **Tuesday, January 6, 2026 at 1:00pm**. The parties are **ADVISED** that the undersigned intends to hear any forthcoming motion by Defendant in relation to Plaintiff's nonappearance at the proceedings on December 1, 2025 at the same time. These proceedings will not be continued further absent extraordinary circumstances.

3. Plaintiff is **ADVISED** that he is expected to appear in person at the proceedings on Tuesday, January 6, 2026 at 1:00pm and that should he fail to do so, the Court may proceed to consider the Motion to Dismiss, as well as any other issue or motion, without hearing further from him.

Signed: December 1, 2025

W. Carleton Metcalf
United States Magistrate Judge